# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JEROME WILLIAMS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:14-cv-02652-STA-tmp |
| JAMES M. HOLLOWAY, | ) |
| Respondent. | ) |

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
## DENYING PETITION PURSUANT TO 28 U.S.C. § 2241,
## DENYING A CERTIFICATE OF APPEALABILITY,
## CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND
## DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition") filed by Petitioner, Jerome Williams, Tennessee Department of Correction ("TDOC") prisoner number 109812, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee (§ 2241 Pet., *Williams v. Holloway*, No. 2:14-cv-02652-STA-tmp (W.D. Tenn.), ECF No. 1), and the Motion to Dismiss filed by Respondent, WTSP Warden James M. Holloway (Resp't's Mot. to Dismiss, *id.*, ECF No. 15). For the reasons stated below, the Court **GRANTS** the Motion to Dismiss and **DENIES** the § 2241 Petition.

# I. BACKGROUND

## A. State Court Procedural History

In 1986, Williams was convicted in the Criminal Court for Davidson County, Tennessee, of armed robbery and aggravated rape and was sentenced as a Range I standard offender to twenty-five years for the robbery and thirty years for the rape, for a total sentence of fifty-five years. The Tennessee Court of Criminal Appeals ("TCCA") affirmed Williams's conviction and sentence. *State v. Williams*, C.C.A. No. 86-86-III, 1987 WL 4441 (Tenn. Crim. App. Feb. 12, 1987).

Williams subsequently filed a petition in the Davidson County Criminal Court pursuant to the then-current version of the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-201 to -222. The post-conviction court held an evidentiary hearing and denied relief. The TCCA affirmed. *Williams v. State*, No. 01-C-019105CR00152, 1991 WL 236231 (Tenn. Crim. App. Nov. 14, 1991), *appeal denied* (Tenn. Mar. 16, 1992).

Williams filed a motion to reopen his previous post-conviction action to raise a new issue. The post-conviction court denied relief, and the TCCA affirmed. *Williams v. State*, No. 01C01-9709-CR-00441, 1998 WL 748689 (Tenn. Crim. App. Oct. 23, 1998), *appeal denied* (Tenn. Mar. 15, 1999).

Seven or eight years passed. Williams then filed a petition for a writ of habeas corpus, pursuant to Tennessee Code Annotated §§ 29-21-101 to -130, in the Circuit Court for Wayne County, Tennessee, in which he challenged his conviction for aggravated rape. The trial court summarily dismissed the petition. The TCCA affirmed. *Williams v. State*, No. M2007-00163-CCA-R3-HC, 2007 WL 1711750 (Tenn. Crim. App. June 14, 2007).

On February 14, 2008, Williams filed a petition in the Chancery Court for Davidson County, Tennessee, in which he sought to withdraw a waiver that he had signed and issuance of a declaratory order that his sentence be recalculated to reflect proper sentence credits. (Pet. for Order, *Williams v. Little*, No. 08-394-I (Davidson Cnty. Chancery Ct.), ECF No. 14-1 at PageID 42-49.) On July 1, 2008, the TDOC Commissioner filed a motion for summary judgment in which he asserted that Williams's sentence had been correctly calculated. (Mot. for Summ. J., *id.*, ECF No. 14-1 at PageID 76-78; *see also* Whisman Aff., *id.*, ECF No. 14-1 at PageID 80-82.) Williams did not respond to the summary judgment motion. On August 28, 2008, the trial court granted the motion for summary judgment, noting, *inter alia*, that "it appears that Mr. Williams will gain nothing by rescinding his waiver." (Order Granting Resp't's Mot. for Summ. J. at 1, *id.*, ECF No. 14-1 at PageID 83.) The Tennessee Court of Appeals affirmed. *Williams v. Little*, No. M2008-02105-CCA-R3-CV, 2009 WL 3400661 (Tenn. Ct. App. Oct. 20, 2009).

Next, Williams filed a second petition for a writ of habeas corpus in the Circuit Court for Wayne County, Tennessee, in which he challenged his conviction for aggravated rape. The trial court summarily dismissed the petition, and the TCCA affirmed. *Williams v. Lindamood*, No. M2010-02354-CCA-R3-HC, 2012 WL 432624 (Tenn. Crim. App. Feb. 10, 2012).

On December 17, 2012, Williams filed a third petition for a writ of habeas corpus in the Circuit Court for Wayne County, Tennessee, in which he challenged his conviction for aggravated rape. The trial court summarily dismissed the petition. The TCCA affirmed. *Williams v. Chapman*, No. M2013-00725-CCA-R3-HC, 2013 WL 4082629 (Tenn. Crim. App. Aug. 14, 2013).

B.   **Federal Challenges to Williams's Convictions and Sentences**

Although the records are not available through PACER, Williams apparently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 that was ultimately unsuccessful.

On September 13, 2004, Williams filed another § 2254 petition in the United States District Court for the Middle District of Tennessee. (§ 2254 Pet., *Williams v. Myers*, No. 3:04-cv-00820 (M.D. Tenn.), ECF No. 1.) In an order issued on September 13, 2004, United States District Judge Aleta A. Trauger transferred the case to the Sixth Circuit Court of Appeals to address whether Williams should be authorized to file a second or successive § 2254 petition. (Order, *id.*, ECF No. 6.) On May 9, 2005, the Court of Appeals denied leave to file a second or successive petition. *In re Williams*, No. 04-6248 (6th Cir.).

C.   **Case Number 14-2652**

On August 7, 2014, Williams filed his § 2241 Petition, which was titled "Petition for a Declaratory Order to Issue," in the United States District Court for the Middle District of Tennessee, accompanied by a copy of his inmate trust fund account statement. (§ 2241 Pet., *Williams v. Holloway*, No. 2:14-cv-02652-STA-tmp (W.D. Tenn.), ECF No. 1; Prison Trust Fund Aff., *id.*, ECF No. 2.) In an order issued on August 21, 2014, Judge Trauger construed the filing as arising under 28 U.S.C. § 2241 and transferred the petition to this district, where Williams was housed at the time. (Mem. Op., *id.*, ECF No. 3; Order, *id.*, ECF No. 4.)

The case was docketed in this district on August 21, 2014. (Case transferred in, *id.*, ECF No. 5.) The Court issued an order on December 10, 2014, directing Warden Holloway to file a response to the § 2241 Petition and "the relevant portion of the state-court record, including, but

not limited to, the record for *Williams v. Little*, No. M2008-02105-COA-R3-CV, 2009 WL 3400661 (Tenn. Ct. App. Oct. 20, 2009)." (Order at 2, *id.*, ECF No. 8.)

On March 13, 2015, the Warden filed the relevant portion of the state-court record and his Motion to Dismiss. (Not. of Filing, *id.*, ECF No. 14; Resp't's Mot. to Dismiss, *id.*, ECF No. 15.) Williams filed his response to the Motion to Dismiss ("Response") on April 6, 2015. (Pet'r's Resp. to Resp't's Mot. to Dismiss, *id.*, ECF No. 16.) Warden Holloway did not file a reply.

## II.     WILLIAMS'S § 2241 PETITION

The § 2241 Petition does not clearly set forth Williams's claim. Williams alleges that he was sentenced under Tennessee's 1982 Sentencing Act, which was subsequently repealed and replaced by the Sentencing Reform Act of 1989. After the enactment of the 1989 Act, Williams signed a waiver governing the calculation of his sentence credits. Williams seeks to rescind that waiver because, he avers, he would be entitled to earlier release without the waiver. (§ 2241 Pet. at PageID 1-2, *Williams v. Holloway*, No. 2:14-cv-02652-STA-tmp (W.D. Tenn.), ECF No. 1.) As support, Williams has attached copies of various TDOC memoranda from 1994 and 1995 addressing the circumstances under which inmates were permitted to rescind previously signed waivers. (*See id.* at PageID 9-11.) Williams avers that "PETITIONER WAS SENTENCED UNDER THE 1982 SENTENCE ACT[.] IT WAS REPEALED A FEW YEARS LATER, AND T.D.O.C. PUT PETITIONER UNDER 1989 ACT, AND THAT'S A VIOLATION OF MY CONSTITUTIONAL RIGHTS, I SHOULD HAVE BEEN UNDER 1979 ACT[.]" (*Id.* at PageID 2.) According to Williams, if he were allowed to earn sentence credit under the 1979 law, he would earn 46 days of credit every month, or a total of 18,312 days, which would entitle him to immediate release. (*Id.* at PageID 3.)

5

Documents submitted by Williams reflect that, in early 1994, the TDOC allowed inmates a one-time opportunity to rescind previously signed waivers "when it is advantageous to reduce their sentence." (Memo. from TDOC Assistant Commissioner Linda A. Dodson (Feb. 16, 1994), ECF No. 1 at PageID 9.) In 1994, the TDOC undertook to identify inmates who had signed waivers that had the effect of increasing their sentences. When an inmate requested a waiver that would not be in his interest, Sentence Information Services staff wrote to him to explain the effect of a rescission. (Memo. from Linda A. Dodson (Oct. 7, 1994), ECF No. 1 at PageID 11.) "If the inmate, after being advised by their counselor, still desires to change their waiver status, their request is being forwarded through their counselor and warden for subsequent review/approval." (*Id.*) The period during which TDOC staff would review requests to rescind waivers was subsequently extended until October 1, 1995. (Memo. from TDOC Commissioner Donal Campbell to Wardens (Mar. 24, 1995), ECF No. 1 at PageID 10.) The record is silent regarding any action taken by Williams during that time to rescind his waiver.

The affidavit of Candace Whisman, the TDOC Director of Sentence Management Services, which was submitted to the Davidson County Chancery Court in 2008, explains the factual background:

> 3. Mr. Williams was convicted March 4, 1986 in Davidson County Case #85S729 count 1 and 2. He received a twenty-five year sentence for Robbery with a Deadly Weapon, a Class X felony under the Criminal Sentencing Reform Act of 1982 in count one, and a consecutive sentence of thirty years for Aggravated Rape, a Class X felony under the Criminal Sentencing Reform Act of 1982 in count two. These offenses were committed in March 1985. Pretrial jail credit of 67 days was awarded and applied to count one. . . .
>
> 4. Mr. Williams was convicted April 4, 1986 in Davidson County Case #86W333 and received a sentence of five years for First Degree Burglary under the Criminal Sentencing Reform Act of 1982. This sentence was

6

ordered to be served consecutively to Davidson County Case #85S729 count one and two. . . .

5. Mr. Williams was eligible to earn Prisoner Performance Sentence Credits (PPSC) under Tenn. Code Ann. § 41-21-230 for participation in a program once he was committed to the custody of TDOC and assigned to a program. These credits could be earned at the rate of between 1 and 15 days per month and were only awarded for program participation. TDOC Policy 505.01 section VI.K.1.a.

6. Mr. Williams elected to sign a sentence credit waiver to enable him to reduce his sentence expiration date by earning Prisoner Sentence Reduction Credits (PSRC) under Tenn. Code Ann. § 41-21-236 rather than PPSC. These credits could be earned at the rate of between 1 and 16 days per month and were awarded for both good behavior and program participation. The effective date of this waiver was March 14, 1986, the date of sentencing in Case #85S729. Tenn. Code Ann. § 41-21-236 is the authorizing statute for these sentence reduction credits. TDOC Policy 505.01 section VI.J.3.a. and b. sets out the rate credits can be earned for offenders admitted to TDOC custody. He was eligible to begin earning behavior credit April 1986 which was the first full month of incarceration after sentencing. He was assigned to a program and became eligible to earn program credits in July 1987. . . .

7. Mr. Williams was sentenced in all convictions under the Reform Act of 1982 as all of the offenses were committed between March 1985 and October 1985. Total sentence received was sixty years in all convictions. Per Tenn. Code Ann. § 40-35-211, the court imposes a specific sentence length for each offense and the defendant is responsible for the entire sentence undiminished by sentence credits of any sort except for pretrial and those relative to mental examinations and treatment. Any sentence reduction credits must be earned by the defendant and not presumed.

8. Good Conduct Credit (GCC) under Tenn. Code Ann. § 41-21-229 (repealed effective March 1, 1986) were presumed and applied at the beginning of a sentence calculation for sentences imposed prior to Class X and Reform Act of 1982. These credits were not earned but presumed and could only be taken away for disciplinary reasons. Sentences under Class X and Reform Act of 1982 were/are not eligible to receive the benefit of GCC. Mr. Williams is not eligible for the benefit of GCC on his sentences.

9. The sentence expiration date for Mr. Williams' sixty year sentence including 3,250 PSRC credits earned is currently February 12, 2037 . . . . If he had earned PPSC rather than PSRC, the sentence expiration date

7

would only reflect a reduction of 2,921 PPSC credits and the date would be January 7, 2038.

. . . .

12. Mr. Williams benefited by signing the sentence credit waiver and continues to benefit today. He can earn a maximum of 16 days of PCRC versus 15 days of PPSC per month. If he were allowed to rescind the waiver, his sentence expiration date would increase.

(Whisman Aff. ¶¶ 3-9, 12, *id.*, ECF No. 14-1 at PageID 80-82.)[1]

## III. RESPONDENT'S MOTION TO DISMISS

In his Motion to Dismiss, which was brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2244(d)(1), Warden Holloway argues that the § 2241 Petition is time barred. (Resp't's Mot. to Dismiss, *id.*, ECF No. 15; Mem. of Law in Supp. of Resp't's Mot. to Dismiss, *id.*, ECF No. 15-1.)

The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings: (A) is not specified in a federal statute, [or] the Rules Governing Section 2254 Cases . . . ; and (B) has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4)(A)-(B). Habeas practice is governed by the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules").[2] Rule 8(a) of the § 2254 Rules authorizes the Court to examine the petition, the answer, and the state-court record to determine whether an evidentiary hearing will be required. If a hearing is not required, the Court may dismiss the petition on the merits without a hearing.

---

[1] The Court is quoting this affidavit to provide the factual context of the § 2241 Petition. The Court neither endorses nor rejects the conclusion reached in the affidavit.

[2] The § 2254 Rules apply to habeas petitions under 28 U.S.C. § 2241. (Rule 1(b), § 2254 Rules.) Rule 12 of the § 2254 Rules provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

Although Respondent could have brought his Motion to Dismiss directly under Rule 8(a) of the § 2254 Rules, his Motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Holloway's legal memorandum does not mention Rule 12, explain why that Rule is appropriate for evaluating habeas petitions, or address how the Rule is to be applied in the habeas context.

A Rule 12(b)(6) motion is not an appropriate vehicle for deciding a habeas petition on the merits or for evaluating the sufficiency of an affirmative defense such as the statute of limitations or a failure to exhaust. First, the focus of a Rule 12(b)(6) motion ordinarily is the sufficiency of a party's pleading, rather than the merits of the underlying claim. *See, e.g., Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) ("Accepting all well-pleaded allegations in the complaint as true, the Court considers the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief.") (internal quotation marks and alterations omitted). Second, a court evaluating a Rule 12(b)(6) motion must "constru[e] the record in the light most favorable to the non-moving party and accept[] all well-pleaded factual allegations as true." *Moncier v. Jones*, 557 F. App'x 407, 408 (6th Cir. 2014). Third, affirmative defenses are not addressed in Rule 12(b)(6) motions unless "the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief." *Lockhart v. Holiday Inn Express Southwind*, 531 F. App'x 544, 547 (6th Cir. 2013) (internal quotation marks omitted); *see also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) ("But there is no reason not to grant a motion to dismiss where the undisputed facts conclusively establish an affirmative defense as a matter of law.").

A Rule 12(b)(6) motion is not an appropriate vehicle for raising the affirmative defense of the statute of limitations in this case because the allegations in the § 2241 Petition do not

9

conclusively show that the § 2241 Petition is untimely. The § 2241 Petition does not address 28 U.S.C. § 2244(d) or the Tennessee Court of Appeals' decision in *Williams v. Lindamood*, on which the Warden relies. The Warden relies on material other than the § 2241 Petition and its attachments to establish the basis for his Motion to Dismiss. Therefore, Respondent's Motion to Dismiss, to the extent that it is brought under Rule 12(b)(6), is denied.

Warden Holloway has also brought his Motion to Dismiss under 28 U.S.C. § 2244(d)(1). (Mem. of Law in Supp. of Resp't's Mot. to Dismiss at 1, *Williams v. Holloway*, No. 2:14-cv-02652-STA-tmp (W.D. Tenn.), ECF No. 15-1.) Twenty-eight U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Warden argues that "[a] habeas corpus petition challenging the execution of a state sentence under 28 U.S.C. § 2241 is subject to a one-year limitation period." (Mem. of Law in Supp. of Resp't's Mot. to Dismiss at 3, *Williams v. Holloway*, No. 2:14-cv-02652-STA-tmp (W.D. Tenn.), ECF No. 15-1.) Although no published decision of the United States Supreme Court or the Sixth Circuit Court of Appeals has so held, that conclusion is supported by the plain language of the first sentence of 28 U.S.C. § 2244(d)(1), which is not limited to habeas petitions under § 2254.[3]

---

[3] In *Greene v. Tennessee Department of Corrections*, 265 F.3d 369 (6th Cir. 2001), the Court of Appeals held that prisoners filing § 2241 petitions to challenge the loss of sentence credit arising from prison disciplinary convictions are subject to the certificate of appealability requirement of 28 U.S.C. § 2253(c). The Court of Appeals reasoned that,

> [i]f a state prisoner has been convicted in state court, is thereby incarcerated, and then files a § 2241 petition complaining about the condition or circumstances of that incarceration, then logic tells us that the person is detained because of a process issued (a conviction) by a State court. When it is clear that the detention results from a State court conviction, the habeas petition arises from the genesis of custody—the State conviction.

*Id.* at 372.

In *Rittenberry v. Morgan*, 468 F.3d 331, 336 n.2 (6th Cir. 2006), in which a state prisoner who had previously sought relief under § 2254 filed a § 2241 petition in which he alleged that he was actually innocent, the Court of Appeals observed that the language in *Greene* rejecting the "dual gate" theory "is non-binding dicta" although "its reasoning is persuasive on the issue we address." The Court of Appeals held that "section 2244(b) applies to any habeas corpus petition seeking relief from custody pursuant to a state court judgment," *id.* at 336, reasoning that

> there is really only a single "gate" to federal habeas relief from state custody—through the general jurisdictional grant in section 2241—although all petitions seeking relief from state court *convictions* are more specifically filed "under section 2254" as well, and are subject to its restrictions, as well as those of section 2244(b). Thus, before filing a successive habeas petition, Rittenberry must seek pre-authorization from this Court under section 2244(b).

*Id.* at 337-38. Thus, the Court of Appeals left open the possibility that state prisoners who file § 2241 petitions challenging the execution of their sentences may not be required to seek preauthorization under § 2244(b).

Respondent's discussion of the provision of § 2244(d)(1) to be applied to habeas petitions, such as this one, that challenge only the execution of a prisoner's sentence, is not convincing. After concluding, rightly, that §§ 2244(d)(1)(B) and (C) are inapplicable, the Warden asserts that "none of petitioner's claims falls under the new factual-predicate test of 28 U.S.C. § 2254(d)(1)(D) [sic], so that sub-section is inapplicable. Therefore, 28 U.S.C. § 2244(d)(1)(A) is the 'latest' of the applicable measurements of the statute of limitations under 28 U.S.C. § 2244(d)(1)." (Mem. of Law in Supp. of Resp't's Mot. to Dismiss at 4, *Williams v. Donahue*, No. 2:14-cv-02652-STA-tmp (W.D. Tenn.), ECF No. 15-1.) Holloway has cited no authority for this proposition. His analysis also is not consistent with this conclusion because he has not calculated the limitations period from the conclusion of direct review in 1987, *see Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010) (state convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal), or from April 24, 1996, the effective date of the AEDPA, *see Brown v. O'Dea,* 187 F.3d 572, 577 (6th Cir. 1999), *vacated on other grounds*, 530 U.S. 1257 (2000).

Contrary to the Warden's suggestion, the applicable provision is § 2244(d)(1)(D), the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence. In *Ali*, 431 F.3d at 898, the Sixth Circuit determined that, assuming that § 2244(d)(1) applies to a denial of parole, the relevant provision of that statute is subsection (D). The Court of Appeals explained that § 2244(d)(1)(A) is inapplicable because

---

In *Ali v. Tennessee Board of Pardon and Paroles*, 431 F.3d 896, 897-98 (6th Cir. 2005), in which a prisoner filed a § 2241 petition challenging a denial of parole, the Court of Appeals declined to decide whether the limitations period in § 2244(d) applied to parole determinations because, even if the limitations period applies, the petition was timely.

> the words "the judgment" in subsection (A) clearly refer to "the judgment" in the first sentence of (d)(1), i.e., the judgment pursuant to which the person is in custody—the judgment of conviction. To construe the word "judgment" in (A) more broadly to include post-confinement determinations by state officials in carrying out a sentence would be a strained reading, entirely unnecessary in the presence of the more logically applicable subsection (D).

*Id.*; *see also Hill v. Qualls*, No. 3:13-cv-00099, 2013 WL 1666740, at *3 (M.D. Tenn. Apr. 13, 2013) (in assessing a habeas petition challenging a sentence expiration date, "the only possible provision that applies . . . is § 2244(d)(1)(D)").

The parties have not addressed when the factual predicate of Williams's claims could have been discovered with reasonable diligence. The record does not reflect when Williams signed the waiver at issue. The record also contains no documents from 1994 or 1995 evidencing Williams's requests to the TDOC to rescind his waiver or any responses received. The earliest attempt by Williams to raise the issues presented in this § 2241 Petition is February 14, 2008, when he filed his Chancery Court petition to withdraw the waiver. *See supra* p. 2. The Court is unable, therefore, to determine when Williams should have discovered the factual predicate of his claims with reasonable diligence.[4]

In his Response to the Motion to Dismiss, Williams asserts that the TDOC prevented him from filing in a timely fashion. (Pet'r's Resp. to Resp't's Mot. to Dismiss at 1, *Williams v. Holloway*, No. 2:14-cv-02652-STA-tmp (W.D. Tenn.), ECF No. 16.) As support, Williams stated that it took him from 1994 until 2004 to get all of the right papers. (*Id.*) Williams provides no additional factual support for his claim. Even if this assertion were construed as an argument that the timeliness of the § 2241 Petition should be evaluated under § 2244(d)(1)(B), the date on

---

[4] It would seem unlikely that the first time Williams could have discovered the factual basis for his claim was 2011.

which the impediment to filing an application created by State action in violation of the Constitution or laws or the United States is removed, it is of no assistance to Williams. Williams has not argued that the TDOC's failure promptly to provide him with the documents he sought violated the Constitution or laws of the United States. Even if Williams's argument were accepted, the running of the limitations period would have commenced in 2004 and would have expired in 2005.

Although the Court is unable to determine when the running of the limitations period commenced, it is unnecessary to resolve this issue. Even if it were assumed that the running of the limitations period commenced when state-court proceedings on Williams's Chancery Court petition had concluded, the § 2241 Petition would still be time barred. The Tennessee Court of Appeals affirmed the dismissal of the petition on October 20, 2009. The record does not reflect when Williams filed his next state habeas petition, which was summarily dismissed by the trial court and addressed by the TCCA in 2012. Warden Holloway has explained why it is unnecessary to calculate those dates with precision:

> However many days passed between the Court of Criminal Appeals' [sic] October 30, 2009 decision affirming the denial of petitioner's petition for a declaratory order and petitioner's filing of his *Williams v. Lindamood* state petition, 311 days passed between the time the *Williams v. Lindamood* petition was decided by the Court of Criminal Appeals and when petitioner filed the *Williams v. Chapman* petition. Then, another 358 days passed between the time the *Williams v. Chapman* petition was filed [sic] and the time petitioner filed this federal petition.[5] Thus, however many days passed between the Court of Criminal Appeals' [sic] October 20, 2009 decision affirming the denial of petitioner's petition for a declaratory order and petitioner's *Williams v. Lindamood* state petition, there are another 669 days where no state-court petition for writ of habeas

---

[5] The Warden presumably means that 358 days elapsed between the TCCA's August 14, 2013 decision in *Williams v. Chapman* and the filing of Williams's § 2241 Petition on August 7, 2014.

14

corpus has been pending. Petitioner's federal writ is time barred by at least 334 days (669 days minus 365 days).

(Mem. of Law in Supp. of Resp't's Mot. to Dismiss at 4-5, *Williams v. Lindamood*, No. 2:14-cv-02652-STA-tmp (W.D. Tenn.), ECF No. 15-1.) Although Holloway has neglected to take into account the time for filing applications for permission to appeal to the Tennessee Supreme Court, which would account for one hundred twenty days, Tenn. R. App. P. 11(b), his point is well taken. Williams's § 2241 Petition is untimely.[6]

"The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). The § 2244(d)(1) limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts." *Robertson*, 624 F.3d at 784; *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (same); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (same). "The

---

[6] In his Response to the Motion to Dismiss, Williams claims that he is actually innocent. (Pet'r's Resp. to Resp't's Mot. to Dismiss at 1, *Williams v. Holloway*, No. 2:14-cv-02652-STA-tmp (W.D. Tenn.), ECF No. 16.) "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . , or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-37 (2006) (internal quotation marks omitted). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here, Williams has no new evidence that he is actually innocent of any of the crimes of which he has been convicted. Instead, he states only that the rape kit was destroyed in 1990, after the trial but before the hearing on the post-conviction petition. The post-trial destruction of evidence is not newly discovered evidence of actual innocence.

party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

As previously noted, *see supra* pp. 13-14, in his Response to the Motion to Dismiss, Williams asserts that the TDOC prevented him from filing in a timely fashion. (Pet'r's Resp. to Resp't's Mot. to Dismiss at 1, *Williams v. Holloway*, No. 2:14-cv-02652-STA-tmp (W.D. Tenn.), ECF No. 16.) Even if it were assumed that Williams is correct, he would be entitled to equitable tolling only until 2004. The running of the statute of limitations would have commenced at that time and would have expired one year later, in 2005. Williams's Chancery Court petition was not filed until February 14, 2008, two or three years after the expiration of the limitations period. Williams has not claimed that he is entitled to equitable tolling from the time the Tennessee Court of Appeals issued its decision on the appeal pertaining to the Chancery Court petition and the filing of this § 2241 Petition.

The Court **GRANTS** Respondent's Motion to Dismiss. The § 2241 Petition is **DISMISSED** with prejudice. Judgment shall be entered for Respondent.

IV.     APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

(1)     Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); *see also* Fed. R. App. P. 22(b); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability), *overruled in part by Lindh v. Murphy*, 521 U.S. 320 (1997)). The COA requirement is applicable in this case pursuant to 28 U.S.C. § 2253(c)(1)(A). *Greene*, 265 F.3d at 372.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, there can be no question that Williams's claims are time barred. Because any appeal by Williams on the issues raised in his § 2241 Petition does not deserve attention, the Court **DENIES** a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). For the same reasons the Court denies a certificate of appealability, the Court concludes that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[7]

IT IS SO ORDERED this 14th day of March, 2016.

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            UNITED STATES DISTRICT JUDGE

---

[7] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).